## PLATNER VS. PATCHIN and another.

There is nothing in the statutes of this state which relieves the husband from his liability for the debts of the wife contracted before the marriage.

It is a general rule that in an action against the husband for the debt of the wife contracted *dum sola*, the wife must be joined.

Where a mortgage executed by the wife *dum sola* has been foreclosed, and the decree contains an order for a personal judgment against her for any deficiency, the plaintiff cannot maintain a subsequent action against the husband and wife to have such order vacated, and for a judgment against the husband for the amount of such deficiency; but must first move *in the foreclosure action* to have said order therein vacated, and then bring his action at law against the husband and wife.

APPEAL from the Circuit Court for *Rock* County.

Action against *George Patchin* and his wife *Jane*, on a note for $281, executed by the latter *dum sola*, dated March 6, 1856, and payable in six years, with twelve per cent. interest, payable annually. The complaint shows that the note was secured by a mortgage of real estate, executed at the same time by said *Jane ;* that (default having been made in the payment of interest) said mortgage was foreclosed in an action commenced January 30th, 1862, against said *Jane* alone, under her maiden name; and that the complaint in said foreclosure action prayed, *inter alia*, for the sale of the premises, and payment to be made to the plaintiff out of the moneys realized, of the amount then due and to become due &c., and also for a judgment against said defendant *Jane* for any deficiency. The decree in said action is set out in *haec verba*, and provides for a sale to make the sum of $398, the sum adjudged to be due, with interest and costs, and also that plaintiff may have judgment against said *Jane* for the deficiency, if any, on the con-

firmation of the report. The complaint then alleges a sale under the decree November 22d, 1862 ; a report by the sheriff, made the same day, showing a deficiency of $250.36 ; and due confirmation of the report September 13th, 1863. It then alleges that the defendants were intermarried on the 2d of June, 1862, &c., but that plaintiff had no knowledge or information of such marriage until a time intermediate the foreclosure sale and the confirmation thereof, and that although said marriage was solemnized in said county of Rock, it had not been returned and registered at the time of said sale. The plaintiff therefore demands that so much of the decree in foreclosure as provides for a personal judgment against said *Jane* may be " vacated, annulled and held for naught ;" and also demands judgment against *George Patchin* for the amount of deficiency above stated, with interest thereon, &c.

*George Patchin* answers that, at the time of his marriage to said *Jane*, she was " the owner in fee and possessed of the premises described in the complaint, which were then worth about $500, and was also the owner and possessor of about $120 worth of personal property, and that the same was in said county of Rock; and that said real and personal property were at the time of said marriage, and from thence hitherto have been and now are, the separate property of said *Jane Patchin*, except that said real estate was taken from her by foreclosure and sale as stated in the complaint." The defendant *Jane* demurred, on the grounds that the court had no jurisdiction, that there was another action pending between the same parties for the same cause, and that the complaint did not state a cause of action. The plaintiff moved for judgment, on due notice, upon the ground that the answer and demurrer were frivolous; and appealed from an order denying the motion.

*Eldredge & Pease*, for appellant.
*Bennett & Cassoday*, for respondent.

Platner vs. Patchin et al.

*By the Court*, DIXON, C. J. In an action against the husband for the debt of the wife, contracted *dum sola*, the wife must be joined. 1 Chitty's Pl., 57. There are some exceptions to the rule, as where the husband has made a subsequent express promise to pay ; but this case is not one of them. The defendant *Jane Patchin* is therefore a necessary party. And as to her there is a former action pending. The foreclosure judgment directs, that upon the coming in and confirmation of the report of sale, personal judgment be rendered against her for the deficiency, and that the plaintiff have execution therefor. The report has been made and confirmed, and the deficiency ascertained, but no personal judgment has been entered. So far as such entry is concerned, the foreclosure action must be regarded as still pending and undetermined. The plaintiff has the order for it, but has not entered the personal judgment. In so far as the plaintiff asks in this action to have the order for a personal judgment in that action vacated, we think he has mistaken his remedy. He should have moved in that action, and, having vacated the order, his proceedings in this would have been regular. Or he might, perhaps, have perfected judgment for the deficiency, and then have sued the husband and wife upon that judgment. But he cannot sue the husband and wife, and in that suit ask to have a former suit, commenced against the wife before the marriage, abated, or an order made in such former suit vacated. We know of no precedent for such an action. Now the wife being a necessary party to the action to enforce the liability of the husband, and it appearing on the face of the complaint that there is a former action pending against her, her demurrer was well taken, and the motion for judgment for the frivolousness of the demurrer and answer properly denied.

We see nothing in the answer of the husband which merits serious consideration. It is obviously frivolous. The statute for the protection of the rights of married women, whilst it greatly enlarges the privileges of the wife, does not restrict

the liability of the husband. He must pay the same as before, and if he does not, the creditors of the wife can sue and make him pay if he is able. In this particular the modern husband is twice happy. First, he is happy as the quiet spec-tator of his wife's enjoyment of her property; and again he is happy in paying her debts, or, if he refuses, in being sued and compelled to pay.

Order affirmed.