Crawford *et ux. v.* Thompson.

No. 11,111.

## CRAWFORD ET UX. *v.* THOMPSON.

WILL.—*Construction.—Husband and Wife.—Parties.—Marriage, Condition in Restraint of.—Gift.*—A testator devised lands to his widow, gave certain legacies, and then to his widow his personal property, "on condition that she pay $50 per year to my daughter, Martha Fox," and if Martha should marry a second time, then "she shall not be entitled to said legacy from that time on," and "when said Martha shall have received an amount out of said personalty equal to three-fourths thereof, she shall not be entitled to any more, and the balance shall be retained by my said wife." Martha became a widow and married again; the widow of the testator also married, and the former sued the latter, holding the property given her by said will, and her husband, to recover an instalment, accruing after Martha's second marriage. All this, and that three-fourths of the fund had not been received by the plaintiff, appeared by the complaint.

*Held,* that the husband of the principal defendant was a proper party by reason of section 5127, R. S. 1881, and the complaint as against him was good on demurrer.

*Held,* also, that the widow did not take the personal property upon a condition subsequent, but a gift to Martha was intended to be paid through her mother as trustee.

*Held,* also, that the condition subsequent annexed to the gift to Martha was unreasonable, being an absolute prohibition of a second marriage, and was void, and the plaintiff was entitled to recover.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries,* for appellants.

*G. W. Strafford* and *W. W. Thornton,* for appellee.

BLACK, C.—The following facts were shown, in substance, by the complaint in an action brought by the appellee against the appellants: Burr Quick died testate, in Montgomery county, in January, 1880. By the first item of his will he gave to his wife Elizabeth Quick, in lieu of her interest in his lands, certain real estate in said county. By the second item he devised certain other land to his daughter Cora. By the third, fourth and fifth items, he gave general legacies of money to his three sons. The sixth item was as follows:

"After the payment of my just debts and the above legacies, I give and bequeath all my personal property, including

money, notes, accounts and all other personalty, to my said wife Elizabeth Quick; that I devise said personalty to her on the condition that she pay one hundred dollars per year to my daughter Martha Fox, as long as my said daughter shall live, provided that said money is to be paid to her only on the following conditions: First. That my said daughter shall not live with, or in any manner recognize, Asa Fox as her husband. Second. In case she, said Martha Fox, should live with him, said Fox, or recognize him as her husband, she shall not have the benefit of the above legacy during that time, but the same shall belong to my said wife. Third. However, in case said Martha should obtain a divorce from said Fox, or he should die, or she should abandon him after living with him, if she should so live with him again, then the right to said legacy shall revive, and she shall be entitled to the same from that time on until her death. Fourth. If said Martha shall remarry, she shall not be entitled to said legacy from that time on. Fifth. When said Martha shall have received an amount out of said personalty equal to three-fourths thereof, she shall not be entitled to any more under said will, and the balance shall be retained by my said wife."

These were all the disposing provisions of the will. By a codicil, the testator changed the will as follows: " Instead of one hundred dollars per year, which said will specifies shall be paid by my said wife to my said daughter Martha Fox, as mentioned in item sixth therein, the same is changed to fifty dollars per year; and in no other respect is any change to be made in said will."

The will, with its codicil, was probated on the 31st of January, 1880, and the testator's widow, said Elizabeth, was appointed administratrix with the will annexed, on the 6th of February, 1880, and entered upon the discharge of her trust, and took possession of all the real estate devised to her by said will, and has ever since held possession of the same and enjoyed the benefits thereof. She also took possession of and retained all the personal property left by the testator.

And the account in final settlement of said estate was filed and approved by the court on the 30th of September, 1881, and said Elizabeth received and receipted to the court for all the personal property remaining after the payment of all the just debts and the legacies, according to the conditions of the will. She thus received, after the settlement of the estate and the payment of debts and legacies and costs of administration, personal property to an amount stated in the complaint to be $3,000; on the trial the amount was shown to be $1,245.93 in value.

Said Asa Fox, husband of said Martha, died in the year 1880, and on the 30th of November, 1882, she married one Stidman Thompson, who is still her husband, living with her as such. She is the appellee.

Said Elizabeth paid said annuity of $50 for two years, up to the 6th of February, 1882; and on the 6th of February, 1883, and afterwards, before the commencement of this suit, said Martha demanded payment of the annuity for the year ending February 6th, 1883. Said Elizabeth said she was willing to pay a proportionate part for the portion of the year up to the time of said Martha's marriage, that is, from February 6th, 1882, to October 30th, 1882, but claimed that the legacy ceased with and was defeated by Martha's marriage. Martha refused to receive less than $50.

Said Elizabeth was married October 4th, 1882, to Jesse H. Crawford, and she and her said husband are the appellants.

The appellee sought by her suit to recover the amount of said annual instalment of her legacy for the year ending February 6th, 1883, and interest thereon from that date.

The defendants severally demurred to the complaint, for want of sufficient facts. The demurrer was overruled, and the defendants answered by general denial. The cause was tried by the court. The finding was for the plaintiff, the amount of the recovery being $51.20. A motion for a new trial made by the defendants was overruled, and judgment was rendered on the finding.

Crawford *et ux. v.* Thompson.

The appellants jointly, and the appellant Jesse H. Crawford separately, have assigned as errors the overruling of the demurrer to the complaint and the overruling of the motion for a new trial.

The only question discussed by counsel concerning the complaint relates to its sufficiency as against the appellant Jesse H. Crawford. The question is whether, as the complaint did not otherwise show a reason for making said Jesse a defendant, the fact that he was the husband of his co-defendant, against whom a cause of action was shown, was a sufficient reason for joining him as a defendant.

The code of 1852 (section 8) provided: " When a married woman is a party, her husband must be joined with her; except: *First.* When the action concerns her separate property she may sue alone. *Second.* When the action is between herself and her husband, she may sue or be sued alone; but in no case shall she be required to sue or defend by guardian or next friend, except she be under the age of twenty-one years."

The act of March 25th, 1879 (Acts 1879, p. 160), while it greatly extended the powers of married women, and provided that a married woman may bring and maintain an action in her own name against any person or body corporate for damages for any injury to her person or character, the same as if she were *sole,* did not repeal or modify the requirement of section 8 of the code of 1852, that her husband must be joined with her when made a party defendant.

Section 11 of the code of 1881, being section 254, R. S. 1881, substituted for said section 8 of the code of 1852, provides, simply, that "A married woman may sue alone—*First.* When the action concerns her separate property. *Second.* When the action is between herself and her husband; but in no case shall she be required to sue or defend by a guardian or next friend, except she be under the age of twenty-one years."

We presume that it is because of this modification of the statute that counsel for appellants suppose that said Jesse was not a proper party. What effect recent legislation has upon

the former practice of making the husband a defendant in actions against his wife, must be left for discussion in cases requiring it.   The case at bar is otherwise controlled.   This is a suit upon a liability of the wife contracted *dum sola.*   At common law, in such an action, though satisfaction of the judgment was to be made out of the husband's property, the action was brought against both.   1 Chit. Pl. 57 ; *Platner* v. *Patchin,* 19 Wis. 333.

In 1852 a statute was enacted, 1 R. S. 1876, p. 550, the third section of which is still in force, being section 5127, R. S. 1881, and is as follows :   "When any woman against whom any liability exists shall marry, and has or acquires lands, judgment on such liability may be rendered against her and her husband jointly, to be levied of such lands only."

Of course, in such case, both are proper parties defendants. The complaint showed that under the will the female defendant acquired lands which she still has.   It is not sought by assignment of error to present any question as to the form of the judgment, and such question could not be successfully presented here, as it was not raised in any manner below.

The only other question to be decided is, whether the amount of the finding was too large, that is, whether the appellee was entitled to recover the whole amount of the annual instalment of the legacy or only a portion thereof, proportionate to the part of the year which expired before her remarriage.   The parties had agreed upon the 6th of February as the date of the yearly payments, and former payments had been made accordingly.   If the legacy should continue, notwithstanding the appellee's second marriage, she was entitled to interest from the 6th of February, 1883, and in that event the amount recovered was not too large.   The appellee insists, and the court below held, that the condition annexed to the gift to the testator's daughter Martha was void as being in restraint of marriage.

It is contended on behalf of the appellants, that there was no gift to Martha Fox, but that there was a gift to Elizabeth.

Quick on condition; that there was no condition except one· applying to said Elizabeth, which was that she should pay Martha fifty dollars a year until she should marry.

In the sixth item the testator first used language importing a gift of the residue of the personal estate to his wife. He then said that he gave her said residuum on the condition that· she pay a certain sum to his daughter Martha as long as she should live. He then provided that said money should be paid to the daughter only on certain conditions. He provided that it should be paid to her only on condition that she should not live with or recognize Asa Fox as her husband. He provided that the daughter should " not have the benefit of the above *legacy* during " the time she should live with her· husband, Asa Fox. He provided that in certain events " the *right* to said legacy shall revive, and she shall be *entitled* to the· same from that time on until her death." He provided that if she should remarry she should " not be *entitled* to said legacy from that time on." He provided, finally, that when the daughter should have received " an amount *out of said per--sonalty* equal to three-fourths thereof," she should " not be entitled to any more under said will, and the balance shall be retained by my said wife."

The money to be paid to the daughter is spoken of as a. legacy to which she should have a right, and to which she should be entitled, and it was payable out of said personalty; and, in any event, at least one-fourth of the personalty was to· be retained by the wife.

We must take the intention of the testator from the whole· clause. Was this a gift to the widow of the testator on condition? Conditions are either precedent or subsequent. If it was a gift to Elizabeth on condition, the condition was sub--sequent, and the continued existence of the legacy to Elizabeth depended upon the happening or not happening of an uncertain event, by which it might be defeated; that is, the· gift to Elizabeth was subject to be divested by the non-performance or breach of the condition; in other words, the

failure of Elizabeth to perform the condition, if there was a conditional gift to her, would work a forfeiture, and the whole surplus of the personalty would be recoverable from her by the personal representative of the testator.

Where the language of a will and the intention of the testator admit it, bequests expressed to be " on condition " subsequent are, in modern times, to be considered as imposing a trust, and not as conditions which shall take the property out of the legatee if he does not comply with them.    Williams Ex. 1260.

We do not think it was the intention of the testator to make a condition, the breach of which by Elizabeth would work a forfeiture of the residue of the personalty.

If there was here a clear gift to the wife there was as clear a gift of a part of the amount, through the wife, to the daughter.    The will gave the daughter· a vested interest, though the fund out of which it was to be paid was given to another.    The widow was given one-fourth of the residue at all events, and she was created a trustee without discretion as to three-fourths thereof.    The most favorable view for the testator's widow is that she was made a residuary legatee, with an express direction to pay out of the residuum a legacy to the daughter.    This would make her a trustee for the latter legacy.    The gift to the daughter is contained in the bequest to the wife.    It is not payable to the daughter, at all events, or out of land, or out of the estate of the testator generally, but is payable out of a fund which might be greater or less, and only to the extent of three-fourths of that fund.    The amount of the gift to the daughter depends on the amount· of the residue of personalty.    When the widow had, as executor, finally settled the estate, her relation as executor to this fund ceased, and she became a trustee for the daughter's legacy.    The estate is not chargeable with the legacy to the daughter.    To say that the widow held the residue upon condition, subject to forfeiture, would, in the event of a breach of condition, send the fund back into the estate,

and deprive the widow of the one-fourth given her absolutely, and deprive the daughter of her legacy. The wife, we think, was made chargeable with the legacy as a trustee. The trustee is personally liable for the payment of the legacy. A gift in trust upon the condition that the beneficiary shall not marry at all, will vest in the donee, and the condition is void. Perry Trusts, section 515.

The law upon the subject of conditions in restraint of marriage is a combination of the common law and the civil law as introduced by the ecclesiastical courts and construed and adopted with some subtile distinctions by courts of equity.

Conditions annexed to gifts, legacies and devises in restraint of marriage generally and absolutely, and those which are unreasonable because the donor has no right to control as to the donee's marriage, or exceeds his right, or so exercises it that it will probably operate as a general prohibition, are void, except a condition precedent annexed to a devise of land, which though it be in complete restraint will, if broken, prevent the taking effect of the devise. But conditions which annex a partial, just and reasonable restraint, considered with regard to the relation of the parties and the character of the restraint, not operating unduly, under the circumstances, upon the freedom of marriage, are not void.

It is plain that under such a rule and exception the question must depend, to a great extent, upon the circumstances of particular cases.

Among the distinctions established by the authorities are the following:

"When a subsequent condition is annexed to a gift of personal property, if general, it is void; if partial and reasonable, and there is a gift over, it is operative, and upon its breach the interest of the first donee ceases, and the gift over takes effect; but if there is no gift over, then the condition is said to be *in terrorem* merely, and is inoperative." Pom. Eq. Jur., section 933, and authorities there cited.

It appears to be settled by the authorities, English and American, that in the absence of statutory provision on the subject, not only limitations but also conditions, whether precedent or subsequent, annexed to devises and legacies, restraining the testator's widow from marrying, are valid and operative.  A condition subsequent, annexed to an annuity, in restraint of the marriage of the testator's widow, where there was no limitation over, has been held to be *in terrorem* merely and void.  *Parsons* v. *Winslow,* 6 Mass. 169; S. C., 4 Am. Dec. 107.

The condition in restraint of the marriage of the testator's widow is treated as a condition annexing reasonable restraint, made by one having such a relation to the donee as authorizes him to take such an interest and assume such a control in regard to her marriage.  Whether the cases which uphold such conditions are founded upon sound reason might, perhaps, be questionable, if the subject were original, especially where there are no children who are proper objects of the testator's bounty and protection.  But the authorities have put the matter beyond question.

In this State we have a statute concerning a condition in restraint of the marriage of the widow of a testator, as follows: "A devise or bequest to a wife, with a condition in restraint of marriage, shall stand, but the condition shall be void."  2 R. S. 1852, p. 308; section 2567, R. S. 1881.

This statute operates to render void at least such conditions as are in general restraint of the marriage of the testator's widow.  *Stilwell* v. *Knapper,* 69 Ind. 558 (35 Am. R. 240).  In that case it was said of this statute: " We deem it unnecessary to determine whether our statute has done anything more than to place the widow of the testator upon a common level with other persons, in respect to restraints upon marriage; in other words, whether such reasonable restraints as would be upheld in regard to other persons may not be upheld in regard to such widows, under the statute above quoted.  The statute may be construed to prohibit all restraints whatever upon

marriage, or only such general restraint as could not be imposed upon others."

In the case now before us, the testator, after assuming a control in regard to the then existing marriage of his daughter, concerning the validity of which we are not called upon to decide, annexed to the gift to her of a legacy, payable in small annual instalments, a condition subsequent in absolute restraint of her remarriage.

If this should be regarded as a partial and reasonable restraint, which the testator had a right to impose, then, as the condition was subsequent and annexed to a gift of personalty, the question as to its validity would depend on the decision whether or not there was a gift over.

Shall a subsequent condition, annexed by a testator to a legacy to his daughter, in absolute restraint of her second marriage, be treated as a reasonable restraint in this State?

In *Newton* v. *Marsden*, 2 J. & H. 356, decided in 1862, William Frost, by his will, declared certain trusts for the benefit of Caroline Derbyshire, widow of John Derbyshire, the testator's deceased nephew, and her children, under which the widow was entitled to certain rents of real estate and to annuities charged primarily on real estate, and to be made up, if necessary, out of personal estate, with a condition subsequent, that the trusts for the benefit of the widow should cease if she married. It was held that the condition was valid.

The learned Vice Chancellor, upon an examination of the authorities, could not find anything in the shape of an opinion of a clear and definite kind. He concluded that, upon the whole, the dicta were against extending the rule, that you can not impose a condition in restraint of marriage, to a restraint on the marriage of a widow. Admitting that the general expressions in which widowhood was spoken of as constituting an exception to the rule were open to the suggestion that they must be considered as pointed at the case of a gift to the donor's widow, and also to the observation that they were extra-judicial, he based his decision upon the ground

that there was no authority in the common law, independently of the civil law, for saying that a condition restraining the marriage of a widow is void.

In *Allen* v. *Jackson*, L. R. 1 Ch. Div. 399, decided in 1875, reversing the decision of HALL, V. C., it was held, that a condition in restraint of a second marriage, whether of a man or a woman, is not void. There, a testatrix gave the income of certain property to her niece (who was her adopted daughter) and the husband of the niece, during their joint lives, and to the survivor during his or her life, with a proviso that if the husband survived his wife and married again, the property should go over. The husband survived and married again. It was held that the proviso was valid and that the gift over took effect. *Newton* v. *Marsden, supra,* was spoken of by MELLISH, L. J., as a bolder decision, and it was said by him, that not to apply the same rule to a man as to a woman would be to overrule that case. BAGGALLAY, J. A., said that "the present state of the law as regards conditions in restraint of the second marriage of a woman is this, that they are exceptions to the general rule that conditions in restraint of marriage are void, and that the enunciation of that law has been gradual. In the first instance it was confined to the case of the testator being the husband of the widow. In the next place, it was extended to the case of a son making a will in favor of his mother.   *   *   * Then came the case, before Vice Chancellor WOOD of *Newton* v. *Marsden,* in which it was held to be a general exception by whomsoever the bequest may have been made."

Thus it is seen that the exception applicable to such a case as the one at bar, has in England followed or been recently built upon an exception which many years ago was abolished by the statute of this State. There is with us much greater freedom of absolute divorce than in England. We have need of increase of population. Besides, public morality and general prosperity are everywhere promoted by freedom of

Crawford *et ux.* v. Thompson.

marriage, and we are not bound by precedent to declare a rule which would restrict such freedom.

If we were disposed to hold that the condition in question imposed a reasonable restraint, there was no gift over, within the meaning of the authorities.

The exception that the condition shall be effectual if the subject of the bequest be given over so as to create an interest in another person is restrained and limited, and, to give it effect, the giving over to a third person must be an express giving over of the particular legacy, unincorporated with any other subject. A bare gift of the residuum, or merely leaving the legacy without any direction to fall into the surplus, will not be a sufficient giving over. *Parsons* v. *Winslow, supra,* and authorities there cited. Here all the personal estate of the testator remaining after the payment of debts and legacies was given to the appellant Elizabeth. The annuity to the appellee was made payable " out of said personalty " during her life or until she shall have received an amount equal to three-fourths thereof, and it was directed that the balance " shall be retained by " said Elizabeth. It was also directed that during the time that the appellee might live with said Fox, the legacy should belong to said Elizabeth. But no express disposition of the legacy " unincorporated with any other subject " was made to take effect when she should remarry. It was simply provided that if she should remarry she should " not be entitled to said legacy from that time on."

If, therefore, the condition in question should be regarded as annexing a partial and reasonable restraint upon marriage, it would be void for want of a gift over.

But we regard the condition as void, because it is an absolute prohibition of a second marriage.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed Nov. 3, 1883.