GAGE *against* REED and another.

IN ERROR, on *certiorari* to a justice's court.

The defendants in error, brought an action in the court below, against the plaintiff in error, for goods sold and delivered in the year 1815, to *Sally Green*, who afterwards became the wife of the defendant below. The defendant pleaded the general issue. At the trial, in the court below, the defendant stated, that he was under twenty-one years of age, and his father, who was present, assenting to that fact, the justice appointed the father his guardian with the defendant's assent. It was agreed between the parties, that the cause should proceed to trial on its merits. The account of the plaintiffs below against *Sally Green*, prior to her marriage with the defendant below, was admitted by the

If the parties in a justice's court agree to try the cause on its merits, this does not preclude the defendant who was sued for a debt contracted by his wife before marriage, from objecting, on *certiorari*, to the non joinder of his wife, although he did not insist on the non-joinder in the court below; but he did not waive the objection; and the agreement

applies only to formal and technical objections. A husband cannot be sued for a debt contracted by his wife *dum sola*, without her being joined as defendant; the cause of action surviving against her: and the non-joinder of the wife is a sufficient ground for arresting or reversing the judgment.

NEW-YORK, guardian, and it was attempted, without success, to substan-
October, 1818. tiate a set-off in her favour. No motion was made for a non
suit, nor was any objection raised on the ground of the non-
joinder of the wife of the defendant below, nor was any ob-
jection taken on account of the defendant's infancy. Judg-
ment was rendered in favour of the plaintiffs below.

GAGE
v.
REED.

*Per Curiam.* The judgment is erroneous ; for although
the defendant below did not insist on the non-joinder of his
wife, he did not waive that objection. The agreement to
try the cause on its merits, was a waiver only of formal and
technical objections, and would operate no further than to
cure defects of that nature.

The only foundation for the liability of the defendant be-
low, was his marriage with *Sally Green ;* and it is well settled,
that the husband alone cannot be sued for a debt contracted
by his wife before marriage ; for in the event of his death, the
cause of action survives against her. The case of *Mitchin-
son* v. *Hewson,* (7 *Term Rep.* 348. ) is directly in point. The
suit there was against the husband alone, for work and labour
done for his wife, before marriage. The plea was the general
issue, and a verdict was found for the plaintiff ; and on a
motion in arrest of judgment, the court said, that according
to the best authorities on the subject, the action against the
husband alone could not be supported, observing, that the
case of *Drew* v. *Thorn,* (*Alleyn,* 72.) was directly in point ;
and they arrested the judgment. Whatever is a good cause
for arresting a judgment, is a good cause, also, for reversing it.

Judgment reversed.