Wash, J.,
delivered the opinion of the Court.
Bartlett the defendant in error brought suit against Benjamin and Wife in the Circuit Court, to recover the amount of money due from the wife before her intermarriage with Benjamin, for work and labor done for, and materials furnished to her whilst sole. At the term to which the writ was returnable, the plaintiffs in error, (then the defendants in the Circuit Court,) appeared by their attorney in fact, under a power executed by them for that purpose, and confessed a judgment for two thousand two hundred and eighty-eight dollars, fifteen and one half cents, to hear an interest at the rate of ten per centum per annum until paid, which was so entered up by the Court. We can look no further on the present writ of error.
The motion subsequently made to set aside this judgment and the proceedings and judgment thereon, cannot now be considered. The writ of error has removed the record in the original suit only, and we shall confine ourselves to that. Two of the errors assigned, have reference to this record.
Eirst. That judgment was rendered against the plaintiffs in error, (of whom one was a feme covert at the time,) under and by virtue of a power of attorney, (which the feme covert could notlegally make,) and
Second. That the judgment is given to bear an interest at the rate of ten per centum per annum until paid.
As to the first point, the cause of action having accrued against the wife while sole, the suit was properly commenced against both husband and wife; and the husband alone had power to make an attorney for her, see 1 Bac. 296, 2 Saunders 213, 6 Mod. 86. The fact of her having joined with her husband in the power, will not impair its validity. As to the husband the judgment is good; its effect upon the property or rights of the wife is another matter, and need not now be considered.
On the second point, the law is with the plaintiffs in error, and the judgment of the Circuit Court must he reversed with costs. It is expressly provided by statute, ‘‘ that judgments recovered in any Court of record, shall carry an interest at the rate of six per cent, per annum only.” Conventional interest at the rate of ten per centum is lawful, whilst the matter is betwen the parlies contracting, and we do not intend to decide that where the contract carries ten per cent., the judgment should not execute the contract; but this is not such a case.
This Court proceeding now to give such judgment as the Court below should have given, do order and adjudge that the plaintiff Bartlett, recover against the defendants *64 in the Circuit Court, the sum of two thousand two hundred and eighty-eight dollars fifteen and one half cents, with interest thereon at the rate of six per centum per annum, since the rendition of the judgment in the Circuit Court.