Obermayer et al. v. Greenleaf et al.

SIMON OBERMAYER *et al.*, Respondents, *v.* DAVID N. GREENLEAF and SARAH E. GREENLEAF, Appellants.

1. *Husband and Wife — Joinder of Parties — Ante-Nuptial Settlements — Debts of Wife contracted prior to Marriage — Liability of Husband for.* — The right of a creditor to a judgment against both husband and wife for the debt of the latter cannot be destroyed by virtue of a contract between them that each should have the exclusive ownership and control of their own property, and that the separate property of each should be exempted from liability for the debts of the other contracted previous to the marriage.

*Rankin & Hayden*, for appellants.

I. The contract of defendants, solemnly made in anticipation of marriage, and published by the parties to it, and brought home to the defendants, operated in equity to relieve the husband from the wife's debts contracted *dum sola*, and made the wife and her property the sources to which chancery will compel the creditors of the wife *dum sola* to resort. The principle of equity is that where a debt is created with reference to or on the faith of a particular property, that property shall be followed for the payment of the debt; and where there is an express published agreement between the parties that the estate and property of the husband shall not be liable for the wife's debts *dum sola*, but that she shall retain exclusive right over her own property during the mar-

riage, thus carrying out by contract the principle of equity and making her own property liable during coverture for those debts which she had contracted *dum sola*, the English courts have declared that equity will compel the creditors to resort to the wife's separate property. (Reeves' Dom. Rel. p. 53 ; Freeman v. Goodland, Ch. R. 295 ; Powell v. Bell, Abridg. of Cas. in Eq. 16 ; Prac. in Ch. 256.)

A marriage contract like the present has the effect in equity of altering the ordinary obligations. But it is perfectly competent for the parties by express contract to alter the ordinary obligations arising from marriage. If the liability of the husband arises from the contract of marriage, how can it arise or exist when there is an express stipulation in that contract to the contrary? Will it be said that the liability of the husband is a legal consequence of marriage, and that the parties by express contract can not do away with that legal consequence? But why may not this be done? Is the stipulation that the wife's own property, not the husband's, shall be liable, immoral or against public policy? If it be said that it is contrary to an express doctrine of the common law, is it not contrary thereto that the wife should hold real and personal property of her own, without the intervention of a trustee even; that she should sell to and purchase of her husband without a trustee; should, in short, be a *femme sole* — not merely *sub modo*, but, as courts of equity have declared her, absolutely a *femme sole*—in respect to her separate property, where she is not specially restrained by the instrument under which she acts? It is now the established doctrine that a *femme covert* may contract and bind her separate estate, and that her separate estate is chargeable with debts contracted on the faith of it, and that she may contract a debt directly to her husband. Are not these direct infringements of the rules of common law, and do not they require courts of equity to go quite as far as this court is asked to go here? (Methodist Church v. Jacques, 17 Johns. 548, reviewing Chancellor Kent's decision in 3 Johns. Ch. 77 ; North Am. Coal Co. v. Dyett, 7 Paige, 15 ; 22 Wend. 528 ; 4 Sim. 82 ; 1 Craig & Phil. 48 ; 15 Ves. 596 ; Overall v. Ellis, 38 Mo. 209 ; Strong v. Skinner, 4 Barb. 546.)

*Ewing & Holliday*, for respondents.

I. As the law by marriage gives to the husband all his wife's personal estate, it makes him liable for his wife's debts owing at the period of marriage. (Bright's Husband and Wife, vol. 2, pp. 1, 2, § 1.) This is true although the wife has not one dollar of personalty at the time of the marriage. (Reeves' Dom. Rel. 49 *et seq.*, 53.) The husband's liability does not depend on the fact that he received property of her.

II. If the defense set up in this case should be allowed, the plaintiffs would be deprived of their rights forever, and could never recover their debt, even though the wife should, with her husband, make thousands of dollars per year. The plaintiff can not sue the wife and get a personal judgment against her. If she should acquire separate property now, it could not be said that this note sued on was a charge against that. Plaintiff could only recover in equity by showing that the wife had property at the time of the marriage liable to this debt, which by the marriage agreement was left still liable therefor.

III. Even under our law of 1849, the most favorable to the defendants that was ever adopted in this State, a general judgment could be entered against the defendant Greenleaf in this suit, and plaintiffs could seize and levy upon any property acquired after marriage, because "the presumption is that it is the fruit of the joint industry of the husband and wife, and is consequently liable for the debts of the wife contracted before marriage. (Phelps v. Tappan, 18 Mo. 393.)

IV. The marriage contract is of no effect so far as creditors of the wife before marriage are concerned. The law makes the husband responsible for the debts of the wife contracted before marriage, from the fact that the law gives him the personal property held by her at the time of marriage, merges her existence in his during marriage, and gives him the control of all her joint acquisitions. In this marriage contract the parties attempted to annul and set aside these positive provisions of law without the consent of the creditors — the only parties who could possibly suffer injustice from such a contract. The law will not permit their rights to be thus defeated by a woman contemplating marriage.

FAGG, Judge, delivered the opinion of the court.

The appellants were sued upon a promissory note executed by the wife previous to their intermarriage. The answer admits all the allegations of the petition, but sets up as a defense an antenuptial agreement by which it was stipulated, among other things, that each party should have the exclusive ownership and control of their own property, and that said separate property of each should be exempted from liability for the debts of the other contracted previous to the marriage. A demurrer to so much of the answer as embraced this matter was sustained, and judgment rendered for the amount of the debt and interest. The common law liability of the husband, during the existence of the coverture, for the debts of the wife contracted previous to the marriage, has not been changed by our statutes. Any provisions that may exist for the protection of the property of either husband or wife from levy and sale for the debts of the other cannot affect the question presented by the record in this case. The right of the creditors to a judgment against both cannot be destroyed by virtue of any contract between the parties themselves in reference to their property. To hold differently would be to recognize the power of two individuals in contemplation of marriage to change the established law of the land simply by such an agreement. Certainly this cannot be done. This agreement constituted no defense to the action, and the respondents were entitled to their judgment.

It does not appear from the allegations of the answer that the wife, in point of fact, had any separate property whatever out of which this debt could have been satisfied. But whether such an averment would be necessary in order to make the principles of equity, as claimed by appellants' counsel, applicable, is not material to the determination of this cause. The question as to what property is liable to be taken in satisfaction of this judgment will more properly arise when the respondents shall proceed to enforce it by an execution.

The demurrer was properly sustained, and the judgment of the Circuit Court must be affirmed. The other judges concur.