JACOB GRUEN, Respondent, v. GEORGE BAMBERGER, Appellant.

December 6, 1881.

1. A recovery cannot be had against a husband alone for the ante-nuptial debts of the wife.

2. Where a husband and wife are joined in an action for her ante-nuptial debts, it is error to dismiss as to her and render judgment against him.

3. The failure to specially plead the non-joinder of the wife and the submission of the cause upon an agreed statement of facts, do not operate as a waiver of the defect.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Reversed and remanded.*

H. G. SACHLEBEN, for the appellant : A judgment against the husband alone for the ante-nuptial debts of the wife is erroneous. — Minor's Inst. 360, 388 ; Schouler's Dom. Rel. 72 ; *Gage* v. *Reed,* 15 Johns. 403 ; *Gray* v. *Thatcher,* 4 Ala. 136 ; *Platner* v. *Patchin,* 19 Wis. 333 ; *Angel* v. *Felton,* 8 Johns. 149 ; *Drue* v. *Thorn,* Aleyn, 72 ; *Richardson* v. *Hall,* 5 Eng. Com. L. 14 ; *Mitchison* v. *Hewson,* 7 Term Rep. 351.

E. L. GOTTSCHALK, for the respondent : The defendant, having pleaded to the merits, cannot raise the objection of non-joinder of parties. — *Daily* v. *Houston,* 58 Mo. 361 ; *Boal* v. *Morgner,* 46 Mo. 48 ; *Rickey* v. *Tenbroeck,* 63 Mo. 563 ; *Graham* v. *Ringo,* 67 Mo. 324 ; *Lass* v. *Eisleben,* 50 Mo. 120 ; *Kirr* v. *Bell,* 44 Mo. 125 ; *Dowran* v. *Intilligencer,* 70 Mo. 175.

THOMPSON, J., delivered the opinion of the court.

An action was commenced against the defendant and wife before a justice of the peace, on an ante-nuptial contract of the wife. On motion of the plaintiff, the justice dismissed the suit as to the wife, and the husband thereupon moved the justice to dismiss the suit for want of jurisdiction, which motion the justice overruled, and rendered judgment

against him, from which judgment he appealed to the circuit court.

In the circuit court the parties submitted the cause on the following agreed statement of facts: "The plaintiff, Jacob M. Gruen, sold and delivered to Frederica Dorgut, a widow, the goods charged in the account filed, at the time and price therein charged, and there was paid by said Dorgut on said account, the amount for which credit is given, and balance has not been paid, but demanded by plaintiff; that thereafter, to wit, on the fifth day of December, 1879, said Frederica Dorgut married the defendant George Bamberger, upon whom demand was made for the bill, but payment refused; that George Bamberger and wife are still living together." Upon this statement of facts the court rendered judgment for the plaintiff against the husband alone for the amount of the debt.

Was this error? Our law relating to the property rights and liabilities of married women seems to be somewhat in a transition state, and we must approach very carefully every question of this kin'd; and it is our duty to adhere to ancient and well-established precedents, unless we can see very clearly that they have been abrogated by statutory innovations, or by more recent judicial decisions. And we feel bound to do this even where the reason of the ancient rule may not be apparent to us, or where it may seem plainly against reason.

Our supreme court has many times said that a judgment against a married woman is a nullity. *Wernecke* v. *Wood,* 57 Mo. 352; *Caldwell* v. *Stephens,* 57 Mo. 589; *Lincoln* v. *Rowe,* 64 Mo. 138; *Weil* v. *Simmons,* 66 Mo. 617; and other cases. But this, like every other general expression in a judicial opinion, must be taken and understood with reference to the particular facts in judgment. There are, as pointed out by Hayden, J., in *Von Schrader* v. *Taylor* (7 Mo. App. 361), cases in which a judgment, and even an execution against a married woman, is permissible. Our

supreme court has never held that a judgment cannot be rendered against a husband and wife jointly in a suit to enforce a contract of the wife *dum sola;* on the contrary, that court, on a consideration of the question, itself rendered such a judgment in *Benjamin* v. *Bartlett* (3 Mo. 86).

The rule of the common law undoubtedly was and is, that a husband is liable for the ante-nuptial debts of his wife; that in order to enforce this liability, the action must be brought against the husband and wife jointly; that the judgment necessarily runs against them jointly (for there would be no sense in requiring a party to be joined as a defendant against whom no judgment could be rendered); that the enforcement of the judgment, as against the wife, is suspended during the coverture; but that if she survive the husband, and the judgment remains unsatisfied, execution may issue against her, just as though she had been sole when the judgment was rendered.

Another rule of the common law is that, unless there has been a separate and distinct undertaking of the husband to pay the debt, a judgment for it against him alone will be arrested on motion, or reversed on error. *Drue* v. *Thorn*, Aleyn, 72; *Mitchison* v. *Hewson*, 7 Term Rep. 350; *Angel* v. *Felton*, 8 Johns. 149; *Gage* v. *Reed*, 15 Johns. 403; *Gray* v. *Thatcher*, 4 Ala. 136; *Platner* v. *Patchin*, 19 Wis. 333; *Richardson* v. *Hall*, 1 Brod. & B. 50. The reason of the rule appears to be, that the husband is not liable absolutely, and at all events, for the ante-nuptial debts of his wife, but that his liability is qualified. It subsists against him during the coverture, but if he die before the wife, it survives against her, and not against his personal representatives. Whereas, if it were the rule that he could be sued alone for such a debt, it would follow that, in the event of his death before that of the wife the judgment would survive as a demand against his personal estate, and would not survive against the wife; which would cast upon him and his next of kin, a more onerous liability than the law intends.

We know of no reason for doubting that this rule was the law of Missouri when this contract was made. It follows that the judgment of the circuit court must be reversed. The suit, however, will not be dismissed, for the wife may possibly be made a party by further proceedings in the circuit court. Rev. Stats., sect. 3708. The case will, therefore, be remanded. Judge BAKEWELL concurs ; Judge LEWIS is absent.

THOMPSON, J., delivered the opinion of the court on a motion for a rehearing.

We are asked to grant a rehearing in this cause, and it is suggested that we have overlooked, in the opinion which we rendered, a point which the plaintiff's counsel supposed to be the most material point in the case, namely, that the question whether the wife was not a necessary party defendant was waived by the defendant in submitting the cause on the merits and failing to call the attention of the court to the fact. We did not overlook this point at all, but considered it fully, and it is entirely disposed of by what is said in the opinion. It is a mistake to suppose that the liability of a husband to pay the ante-nuptial debts of his wife is in the nature of a liability which is at the same time joint and several, so that an action can be brought to enforce it against both the husband and wife, or against the husband alone. No action can be maintained against a husband alone upon any obligation imposed by law to pay an ante-nuptial debt of his wife. It is only when he has made a substantive promise to pay such a debt, that an action can be brought against him alone, and then the action is not upon the obligation imposed by law, but upon the separate promise which he has made. In other words, the husband is not liable absolutely and at all events to pay an ante-nuptial debt of his wife, but he is liable *sub modo;* he is liable upon a condition, and that condition is that his wife shall stand liable with him. He may, of course, waive this

right of being held liable only upon compliance with this condition. He waives it when he agrees, upon request, to pay the debt. But there is no principle upon which it can be said that he waives it by submitting to a court of justice in a case in which he is sued — not upon any substantial promise, but upon his legal obligation — without the joinder of his wife, an agreement that certain facts are true, which, if true, show that he is not thus liable. If this were not so, there is no sense whatever in the cases cited in the original opinion, which hold that a judgment rendered against a husband alone on a contract of his wife made *dum sola*, may be arrested on motion. It is conceived that a judgment is never arrested for failing to join a party, unless the nature of the demand be such that, without the joinder of such party, there could be no judgment against the other party. It is not a mere question of a defect of parties. It is true that it is such a question in a certain sense; but it is such a question rather in the sense in which such a question would arise, if one man were sued upon a contract made by another man not his agent. This being so, there is no ground for contending that the defendant's right not to answer for this debt in an action prosecuted against him alone, is waived by going to trial under such circumstances that the law treats him as though he had pleaded the general issue. No question of pleading arises where the parties agree upon the facts; but the only question is, whether, upon those facts, a recovery can be had against the defendant *as he stands before the court.*

But take the plaintiff's position to be true. Suppose the action had been brought against him in the circuit court, and he had actually pleaded the general issue, the authorities go to show that no judgment could then have been rendered against him, but that such a judgment would be arrested on motion. This is precisely what was held in the leading case of *Mitchison* v. *Hewson* (7 Term Rep. 348). There the action was brought in the Court of King's Bench, upon a

debt contracted by the wife of the defendant before their marriage. The plea was the general issue. The plaintiff had a judgment, and this judgment was arrested on motion. The case of *Gage* v. *Reed* (15 Johns. 403) is even stronger on the point. There the action was brought before a justice of the peace against the husband alone, upon a contract of the wife before the marriage. The defendant pleaded the general issue. No motion was made for a non-suit, nor was any objection made on account of the non-joinder of the wife in the justice's court. The plaintiff had a judgment in the justice's court, and the cause was removed to the supreme court by *certiorari*, which, under the practice then obtaining, operated as a writ of error. The court said : "The judgment is erroneous; for, although the defendant below did not insist on the non-joinder of his wife, he did not waive that objection. The agreement to try the cause on its merits was a waiver only of formal and technical objections, and would operate no further than to cure defects of that nature." The judgment was accordingly reversed.

When the courts which proceeded according to common-law modes of procedure, held that this was a matter which might be urged in arrest of judgment or assigned for error, they necessarily held that it was not waived by going to trial on the merits; for it is well settled that nothing can be assigned for error that could have been pleaded in abatement (Bac. Abr., tit. "Error," K. 5; *Hanley* v. *Holmes*, 1 Mo. 84, 96), and it would equally hold good, on principle, that nothing can be assigned for error which should have been specially pleaded, and which was not so pleaded.

The foregoing authorities dispose of the precise question insisted upon by the plaintiff, and show that he cannot have judgment against the defendant as the record now stands. He is, therefore, not entitled to a rehearing, and his motion is denied. Perhaps we ought to have rendered judgment for the defendant in this court. But we remand the cause

so as not to conclude the question whether Mrs. Bamberger can yet be joined as a party.

Rehearing denied. Judge BAKEWELL concurs; Judge LEWIS is absent.