Conrad v. Howard.

89  217
51a 269

89   217
97a  313

CONRAD, *Administrator*, *Appellant*, v. HOWARD *et al.*

1. **Separate Estate** : WIFE'S ANTE-NUPTIAL DEBTS. The. separate estate of the wife can be subjected, under Revised Statutes, 1879, section 3296, to the payment of a judgment rendered against herself and husband upon their ante-nuptial joint note.

2. **Husband's Interest in Wife's Land** : REVISED STATUTES, SECTION 3295. Revised Statutes, section 3295, contemplates the exemption of the husband's interest in the wife's real estate from attachment and execution for the sole debts of the husband and not from the joint and several ante-nuptial debt of both husband and wife.

3. **Practice.** The court under the prayer for general relief can grant the plaintiff any relief consistent with the case made by the facts and embraced in the issues.

*Appeal from Vernon Circuit Court.*—Trial before HON. J. B. GANTT, Judge of twenty-second judicial circuit of Missouri.

REVERSED.

*Scott & Stone* for appellant.

(1) The judgment on the note was properly rendered against both husband and wife. Chitty's Pleading [4 Am. Ed.] Mar. 48; *Obermayer v. Greenleaf*, 42 Mo. 304; Schouler Dom. Rel. —. (2) The judgment being properly rendered against Mrs. Howard the only question presented by the record here is whether the property of Mrs. Howard can be taken in execution to satisfy the same. Appellant alleged and offered to prove that Mrs. Blanton owned a large property in her own right and signed the note in suit when Howard, whom she afterwards married, was known to be insolvent; that the credit was given to her, that she still owned the same property and that certain conveyances

were fraudulent. This proof the court refused to hear on the ground that inasmuch as the property owned by Mrs. Howard was not alleged to be a separate estate it could not be taken in execution, or in any way appropriated in whole or part to the satisfaction of appellant's judgment. The correctness of this ruling is the only question in the record. From the execution of the note to the commencement of this suit there was no change in person or property. affecting the status of this controversy, except the marriage of Mr. Howard and Mrs. Blanton. Except for that marriage there can be no question of appellant's right to have his debt satisfied out of the property owned by Mrs. Blanton when she signed that note. Can that right be destroyed by the act of marriage? Can it be even postponed, and the right, or all benefit flowing from it, sacrificed by long delay and inability to enforce it? If so, a single woman, with no matter how large a property, may contract debts with impunity and escape them by marriage. Under the common law, if that be the rule in this state, the wife might be taken with her husband in execution and imprisoned. Reeve's Dom. Rel. [3 Ed.] 145. Even if the property of Mrs. Howard was general and not separate the appellant's action ought to prevail. *Fox v. Hatch*, 14 Vt. 340; *Moore v. Richardson*, 37 Maine, 438; *Shores v. Carley*, 8 Allen, 425; *Howard v. North*, 5 Texas, 290; *Obermayer v. Greenleaf*, 42 Mo. 304. (3) But Mrs. Howard's property—or at least a large part of it—is her separate property. The petition shows she had in her name and possession a large personal property when she executed the note in April, 1875. She did not marry until after that date, and that personal estate is a part of the property described in the petition. It is her separate estate.

*E. E. Kimball* and *G. S. Hoss* for respondents.

(1)   While it may be admitted that the joint judgment against Martha J. Howard and her husband, for the ante-nuptial debt of the wife is proper, yet the enforcement of that judgment as against the wife is suspended during coverture. *Grim v. Ramberger*, 11 Mo. App. 261.   (2) This appears to be the common law doctrine and the only exception is where the wife marries between the time of bringing the action and the date of rendering the judgment. *Cooper v. Hundim*, 4 East, 521 ; *Doe v. Butcher*, 3 Man. & Sel. 557 ; *Thorpe v. Argles*, 1 Dow. & L. 831 ; *Schrader v. Taylor*, 7 Mo. App. 361.   (3) In this suit it is not claimed that the real estate sought to be effected by the action was the sole or separate property of the defendant, Martha J. Howard, and hence cannot be charged with the payment of her ante-nuptial contract.

RAY, J.—On April 10, 1880, plaintiff filed his petition, in equity, against defendants, and charged therein in substance, as follows :

That W. D. Howard and Martha J. Blanton (a single woman) on April 1, 1875, executed their joint promissory note to H. L. Holland, plaintiff's intestate, for $3,000. That when said note was executed W. D. Howard was insolvent, but Martha J. Blanton owned a large property, both real and personal, and that the credit was wholly given to her. That after the making of said note said W. D. Howard and Martha J. Blanton were married. Default being made in the payment, this plaintiff, as administrator of Holland, brought suit in the Vernon circuit court against Mr. and Mrs. Howard on the note and recovered judgment against them for $3,199.34, which has not been paid, but is still in full force. That before plaintiff obtained said judgment de-

fendant Martha J. Howard (formerly Blanton) had large sums of money loaned out and among others the sum of $3,000, secured by deed of trust or mortgage on certain described real estate of the value of $3,500 in the town of Nevada, Missouri, and that she owned and possessed the moneys so loaned and secured at the time she signed the note to plaintiff's intestate, and that the same then constituted a part of her estate. That the debt thus due her was not paid at maturity and that she caused the real estate mortgaged to secure the same to be sold for the payment thereof and became the purchaser at the sale of the mortgaged property, but had the deed therefor made to C. B. McAfee, who was acting as her agent.

That the said mortgage sale took place and deed was made to said McAfee on the tenth day of July, 1877, and filed for record May 7, 1879. That said McAfee did not pay any consideration for said deed to him. That afterwards, on the thirteenth day of May, 1878, at the instance and request of said Martha J. Howard, the said McAfee deeded said real estate to the other defendants, children of said Martha J. Howard by her former marriage with Blanton. That said conveyance was voluntary and without consideration and made or caused to be made by said Martha J. Howard with the fraudulent purpose and intent of covering up said property in the names of her children, and with a view to cheating and defrauding plaintiff as such administrator, out of his debt. That at the time of signing said notes said Martha J. Howard owned certain other described real estate in the town of Nevada and in Vernon county, Missouri, of the value of $2,000, which she owned and possessed at the time of the rendition of said judgment in plaintiff's favor against her and W. D. Howard, and that since the rendition thereof said Martha J. Howard and her husband, W. D. Howard, (makers of said note to plaintiff's intestate), have made and executed a deed for said land to her said children

by the former marriage, which deed is without consideration and made to cheat and defraud plaintiff; that outside the real estate described plaintiff knows of no property belonging to either of said defendants out of which his debt could be made, and that an execution against them on his judgment could not be satisfied out of any other property. That at the time of signing said note said Martha J. Howard was unmarried, but at the time of the rendition of the judgment she had inter-married with her co-defendant, W. D. Howard.

The petition asks and prays that said deeds be set aside and held for naught and that the court order the same, or so much thereof as may be necessary, to be sold, to pay and satisfy plaintiff's judgment, and for such other relief as may be necessary and proper in the premises. The separate answer of Mr. and Mrs. Howard is a denial of the material allegations of the petition, and further sets up that the money loaned out and real estate described, and which stood in the name of Martha J. Howard (formerly Blanton) was a trust property, the proceeds of a policy of insurance taken out by said Blanton, her first husband, on his life and payable to said wife, Martha, in trust for herself and his children (the other defendants) and that the deeds mentioned in the petition were not fraudulent, but made to secure to said children what belonged to them under the terms of said policy. The answers of her children, who were made defendants, are substantial repetitions of Mrs. Howard's answer. The new matter set up in all the answers is denied by plaintiff in his reply.

When the case was called for trial plaintiff offered to make proof of all the allegations in his petition. The defendant objected to the court hearing any testimony whatever in support of plaintiff's action, for the reason that the petition showed on its face "that this cause is a proceeding to enforce a judgment against a married woman possessed of a general or legal estate only and

not a separate estate, and that, therefore, the petition did not state a cause of action." The objection was sustained; the court refused to hear testimony and dismissed the bill. Plaintiff excepted and appealed. This objection of defendant, to the court's hearing any evidence in support of plaintiff's action, was in the nature of and equivalent to a demurrer to plaintiff's petition, and being sustained by the court, the only question before us, on this record, is the propriety of this ruling, and that, without any reference whatever to the answers of defendants, or the matters and things therein contained, since they were in no way passed upon.

In the consideration and determination of the question, therefore, the petition and the facts therein stated, are, for the purposes of this case, to be taken and admitted as true. Is it true, therefore, as ruled by the trial court on the objection of defendants, that the petition does not state a cause of action ? Under the facts and the law, and especially in view of recent statutes of this state in force at the date of the transaction, we think this ruling of the trial court was clearly erroneous. At the outset, it must be borne in mind that the promissory note in question, for the payment of which the property in question is sought to be subjected, was the joint and several note of both the defendants, Martha J. Howard and her husband, W. D. Howard, executed by each of them while single, and prior to their intermarriage with each other, and after the enactment of the statutes heretofore referred to, to-wit, sections 3296 and 3295 of the Revised Statutes, 1879.

At common law, it will be remembered, that the personal property of the wife, which she had in possession at the time of the marriage, such as money, goods and chattels and movables, vest immediately and absolutely in the husband, by the marriage, and he could dispose of them as he pleased, and on his death they went to his representatives, as being entirely his.

2 Kent Com. [11 Ed.] 129. As to the debts due the wife, at the time of the marriage, or afterwards, by bonds, note or otherwise, and which are termed choses in action, they are not vested absolutely in the husband, but the husband has power to sue for and recover, or release or assign the same, and when recovered and reduced to possession, and not otherwise, it is evidence of a conversion of the same to his own use, and the money becomes, in most cases, absolutely his own. 2 Kent, 116-17. By the same law, the husband, upon the marriage, became seized and possessed of her fee-simple real estate and took the rents and profits at least during their joint lives. 2 Kent Com. 110-11. By the same law, also, the husband, as such, and while such, became liable to pay her ante-nuptial debts and perform her ante-nuptial contracts, but if they are not recovered during coverture, he is discharged while her liability therefor is revived. But by the same law, when the creditor sought to recover from the husband his wife's ante-nuptial debt, he must, in general, sue the husband and wife jointly. 1 Chitty Plead. [16 Am. Ed.] 65-6 ; *Obermeyer v. Greenleaf*, 42 Mo. 304. And by the same law, in no case can the wife be sued upon a mere personal contract made during coverture, and judgments thereon are mere nullities beyond a question. But that is not this case. By the same law, also, the husband's marital rights and seisin in the wife's fee-simple real estate, during coverture, became liable to seizure and sale for the husband's debt. But these rules of the common law, as to husband and wife, and as to their rights and liabilities, are much modified by the recent statutes above referred to, as will be seen by reference thereto. It may also be added, that at one time, in this state, these common law rules were greatly modified by the act of December 13, 1855 (Revised Statutes of Missouri, 1855, page 754), but it seems doubtful whether that act has been continued in force by the subsequent

revision of our statutes. This question, however, need not now be decided. Section 3296, Revised Statutes, 1879, provides, that "Any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture by gift, bequest, or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase, and profits thereof, be and remain her separate property and under her sole control, and shall not be liable to be taken by any process of law, for the debts of her husband, * * * but such property shall be subject to execution for the debts of the wife contracted before marriage, and for any debts or liability of her husband, created for necessaries for the wife and family."

Section 3295 (R. S., 1879), provides that, "The rents, issues and products of the real estate of any married woman, and all moneys and obligations arising from the sale of such real estate, and the interest of her husband in her right in any real estate which belonged to her before marriage, or which she may have acquired by gift, grant, devise or inheritance during coverture, shall, during coverture, be exempt from attachment or levy of execution, for the sole debts of her husband, * * * provided, such annual products may be attached or levied upon for any debt or liability of her husband, created for necessaries for the wife and family, and for debts for labor or materials furnished upon, or for the cultivation or improvement of such real estate." Of course if the wife was seized of the land, anterior to the time section 3295 took effect, neither the rights of the husband or the wife would be affected by that section. *Wilson v. Albert, post,* ——. It thus appears, from the averments of the petition, admitted to be true, for the purpose of the case, that much the larger portion

Conrad v. Howard.

in value of the real estate, sought to be subjected to the payment of the joint and several ante-nuptial note or debt of said husband and wife, was purchased with the *separate money or means* of the wife, and as such is the proceeds and profits of her separate property, within the meaning of said statute, and as such liable to her creditors, to be followed up for the payment of her said ante-nuptial debt, as was sought in this equitable proceeding by plaintiff's said petition in question. For this reason, if no other, the court erred in sustaining defendants' objection to the introduction of evidence at the trial.

Upon a fair construction, also, of section 3295, we are of opinion that the husband's common law marital interest in the wife's said real estate, under the facts of this case, was not exempt from liability to this joint and several ante-nuptial debt of both husband and wife, since the debts contemplated by that section, from which the husband's said interest should be exempt, are the *sole* debts of the husband. In our opinion, the debt in question is not of that sort, and, therefore, his said marital interest might be subject to sale to satisfy such a debt as the one in question, being, as it was, the joint and several ante-nuptial debt of both husband and wife.

But whether we are right in this proposition or not, the court erred for the reason before stated. Such a judgment as the one mentioned in the petition is not, in our opinion, a *nullity*, within the common law rule, as to judgment against married women. It was the foundation, at least, of the creditor's right to enforce the husband's common law liability, for his wife's ante-nuptial debt, and as such, and to that extent, and for that purpose, at least, was not void, although the wife might not be personally liable thereon; and this proceeding does not contemplate any *personal* liability of the wife; yet her said separate property, which they sought to

Vol. 89—15

subject to the payment of said ante-nuptial debts, was, we think, liable therefor. But even if that judgment should be held a *nullity*, still the court, under the facts and averments of the petition, the prayer for general relief, and section 3683, might grant the plaintiff any relief consistent with the case thus made by the plaintiff, and embraced within the issues thus raised. And these facts, so admitted, show that, under the law, the property in question, to a large extent, was, as before stated, the proceeds and profits of the separate property of the wife and as such clearly liable for this ante-nuptial debt, in an equitable proceeding of this sort. To what extent, if at all, the remainder of her said real estate, might be subject, by this equitable proceeding, to the payment of said debt, may not be necessary to determine, in order to secure a reversal and remanding of this cause. What good reason there exists, if any, under the facts and the present state of the law, why it should not be so subject in an equitable proceeding, like this, to the payment of said debt, I confess, I am unable to perceive. But this part of the property may not be needed to pay said debt and if it should, and the question should then be raised, it may be time enough to decide this question.

For these reasons the ruling and judgment of the trial court is reversed and the cause remanded for further proceeding in conformity herewith. All concur.