MARTHA E. BABB ET AL., Respondents, v. VICTOR BRUERE, Appellant.

St. Louis Court of Appeals, December 7, 1886.

1.  JURISDICTION DEFINED.—Jurisdiction is the power to hear and determine the particular cause, and where there is jurisdiction of the person and of the subject matter, the decision of all other matters properly arising in the case is but an exercise of that jurisdiction.

2.  JUSTICES JUDGMENTS—IRREGULARITY—PRACTICE.—A justice's judgment which is irregular under the conceded facts may be modified by the circuit court, wherein the transcript is filed, so as to conform it to the law.

3.  HUSBAND AND WIFE—ANTE-NUPTIAL DEBTS OF WIFE—HUSBAND'S LIMITED LIABILITY.—The husband, in an action for the debts of his wife *dum sola*, is liable only to a special judgment, which must be satisfied out of property which he acquired from his wife.

4.  ——— PRACTICE.—A general judgment by a justice against a husband for ante-nuptial debts of his wife is irregular, and the circuit court, wherein the transcript of the judgment is filed, should recall a general execution issued thereunder, and make the judgment and the execution conform to the law.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and remanded with directions.*

LOUIS A. STEBER, for the appellant: The act of 1875, now section 3296, of the Revised Statutes, 1879, abrogated the common law liability of the husband for the ante-nuptial debts of the wife. *Howarth v. Warmser*, 58 Ill. 48; *Martin v. Robson*, 65 Ill. 129; s. c. 16 Am. Rep. 578; *Haight v. McVeagh*, 69 Ill. 627; *Biery v. Ziegler*, 93 Pa. St. 368; *Norris v. Corkill*, 32 Kansas 409. A personal judgment against a married woman, in such a case, would not be void, it being an exception to the general rule. *Walker v. Deaver*, 79 Mo. 681; *Gruen*

*v. Bamberger*, 11 Mo. App. 261. The act of 1881, page 161, exempts the husband and the husband's property from the payment of the debts of the wife contracted before marriage. The method of procedure adopted in this case is correct. *Bauer v. Bauer*, 40 Mo. 61 ; *Bauer v. Miller*, 16 Mo. App. 257 ; *Bain v. Chrisman*, 27 Mo. 293 ; *Ex parte James & Ray*, 59 Mo. 280, 284.

M. KINEALY and JAS. R. KINEALY, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was a motion to recall and set aside an execution issued out of the office of the clerk of the circuit court upon a transcript of a judgment of a justice of the peace therein filed. The ground of the motion is, that the transcript of the justice shows on its face that the judgment of the justice is void for want of jurisdiction. The ground on which this contention is based is that the statement, filed by the plaintiff in the suit before the justice of the peace, which the defendant was permitted to put in evidence before the circuit court, shows that the action was prosecuted against the defendant, without the joinder of his wife, for an ante-nuptial debt of the wife. It is contended that, upon such a statement a justice of the peace has no jurisdiction, because (1) the husband is not liable in this state for an ante-nuptial debt of his wife ; and (2) if he is so liable, he can only be made so in an action in which the wife is joined with him as defendant. We do not consider it necessary, for the purposes of this case, to express any opinion upon the first of these propositions. The second we concede, so far as it was ruled by this court, in *Gruen v. Bamberger* (11 Mo. App. 261), where it was held that, in a suit against a husband for an ante-nuptial debt of the wife, if the wife is not joined as a party defendant, the judgment will be arrested on mo-

tion or reversed on error. We shall then assume, for the purposes of this argument, but without conceding the first proposition, (1) that a husband is no longer liable in this state for an ante-nuptial debt of his wife, unless, for a consideration, he has agreed to become so ; and (2) that in an action against a husband for an ante-nuptial debt of his wife, unless the wife is joined as a party defendant, the judgment will be arrested on motion or reversed on error.

I. But from these premises the conclusion by no means follows that the judgment of the justice is void for want of jurisdiction. The whole argument in support of the contention that the judgment is so void proceeds upon a misconception of the distinction between a want of jurisdiction and an erroneous exercise of jurisdiction. "Jurisdiction," says Mr. Justice Baldwin, "is the power to hear and determine the subject matter in controversy between the parties to a suit; to adjudicate or exercise any judicial power over them. The question is whether, on the case before the court, their action is judicial or extra-judicial, with or without the authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction ; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action by hearing and determining it." *State of Rhode Island v. State of Massachusetts*, 12 Pet. (U. S.) 718. See, also, *Grignon's Lessee v. Astor*, 2 How. (U. S.) 338. "Jurisdiction," said the late Judge Rorer, "is defined to be the power to hear and determine the particular case involved." Rorer on Judicial Sales, sect. 59. This definition was quoted with approval by our supreme court in *Gray v. Bowles*, 74 Mo. 419, 423. In the case just cited the doctrine was thus stated by Norton, J.: "When there is jurisdiction of the person and subject matter, the decision of all other questions arising

in the case is but an exercise of that jurisdiction, and an erroneous decision of any of these other questions could not impair the validity and binding force of the judgment when brought in collaterally." *Id.* 424. Upon the same question the supreme court of California said: "It is not the particular decision given which makes up jurisdiction, but it is the authority to decide the question at all. Otherwise all distinction between the erroneous exercise of jurisdiction on the one hand, and the total want of it on the other must be obliterated." *Chase v. Christianson*, 41 Cal. 253. This statement was likewise quoted with approval by our supreme court in *Gray v. Bowles, supra*. The following is the expression of the same doctrine by the supreme court of Ohio: "The court once by its process having acquired the power to adjudicate upon a person or thing, it has what is called jurisdiction. * * * The distinction is between a lack of power or want of jurisdiction in the court and a wrongful or defective execution of the power. In the first instance all acts of a court not having jurisdiction or power are void; in the latter, only voidable. A court may then act, first, without power or jurisdiction; second, having power or jurisdiction, may exercise it wrongfully; or, third, irregularly. In the first instance the act or judgment is void, and is as though it had not been done. The second is wrong and must be reversed upon error. The third is irregular and must be corrected on error." *Paine v. Moreland*, 15 Ohio, 435. This expression of doctrine was quoted with approval by our supreme court in *Freeman v. Thompson* (53 Mo. 183), and also in *Gray v. Bowles, supra*. The following statement of the same doctrine is from an approved text writer: "Before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has been preferred, and

that such person or thing has been properly brought before the court or tribunal to answer the charge therein contained. There can be no doubt that the filing of a. petition or complaint, such as not to be deemed sufficient on demurrer, may confer jurisdiction. The power to decide upon the sufficiency of a cause of action as presented in the pleadings, like the power to decide any other legal proposition, though erroneously applied, is binding until corrected by some superior authority." Freeman on Judg., sect. 118. Many expressions and applications of the same doctrine will be found in decisions of our own and other courts. *Ellis v. Jones*, 51 Mo. 180, 186; *Jeffries v. Wright*, 51 Mo. 215; *Hardin v. Lee*, 51 Mo. 241; *Yeoman v. Younger*, 83 Mo. 424; *Bauer v. Miller*, 16 Mo. App. 252, 257; *Grignon's Lessee v. Astor*, 2 How. (U. S.) 333; *Ex parte Watkins*, 3 Pet.(U. S.) 193; *Ex parte Parks*, 93 U. S. 18; *The People v. Sturtevant*, 9 N. Y. 263, 267; *Ex parte Winston*, 9 Nevada, 71; *Re Callicot*, 8 Blatch. (U. S.) 89; *People v. Shea*, 3 Park Cr. (N. Y.) 562.

II. This principal applies to the judgments of courts of limited or special jurisdiction, as well as to the judgments of superior courts of record. This is shown by the Missouri cases above cited, all of which related to the judgments of inferior tribunals.

III. To this principle an exception, grounded upon one old decision (*Bushnell's case*, Vaughn, 135; s. c., How. St. Tr. 999; T. Jones, 13), and several modern ones (*The People ex rel. v. Liscomb*, 60 N. Y. 599; *The People v. Kelly*, 24 N. Y. 74, 77; *Ex parte Siebold*, 100 U. S. 371, 376; *Ex parte Clark*, 100 U. S. 399; *Ex parte Page*, 49 Mo. 291; *Ex parte Jilz*, 64 Mo. 205), has been admitted. This exception is that, where *in criminal prosecutions* the prisoner has been sentenced to a punishment not allowed by law, or in excess of that allowed by law, for the particular offence, the judgment is void in the sense that the prisoner may be released on.

*habeas corpus;* though now, by a recent statute in this state (1 Rev. Stat., sect. 1996), the office of the writ of *habeas corpus* has been so far changed into a writ of error, as to require the court or officer hearing the *habeas corpus* in such a case to re-sentence the prisoner in conformity with the law. Whether this principle extends so far as to sanction the collateral attack of judgments in civil cases, on the ground that they are in excess of the jurisdiction of the tribunal, we need not now consider. We may concede, for the purpose of the argument, that it does. We may concede, for instance, that if, in an action of this kind against a husband and wife, the justice had proceeded to render a special judgment subjecting the real estate of the wife, so much of his judgment would be void, because it would be an attempt to grant equitable relief, which a justice of the peace has no jurisdiction to do. We may also concede that if, in the case at bar, the justice had, instead of rendering a mere money judgment against the defendant, added thereto an order that his body be taken in execution, this part of his judgment would also be void for want of jurisdiction.

IV. Another exception to the general rule above stated is, that where the jurisdiction is conferred *by statute*, upon any tribunal of whatever grade, to be exercised in a *summary or special* manner, contrary to the course of the common law, which means contrary to the usual course of courts of general jurisdiction, whether of law or equity, the facts upon which the statute predicates the power to proceed must affirmatively appear upon the record of the court, or the proceeding will be deemed *coram non judice* and void. *Werz v. Werz,* 11 Mo. App. 26; *Creason v. Railroad,* 17 Mo. App. 111; *Vaughn v. Railroad,* 17 Mo. App. 4, and cases cited. It is needless to say that the action which culminated in the justice's judgment in this case was not within this exception, but was a mere action at law

for a debt, in which the justice proceeds according to the course of the common law.

V. The defects complained of as showing the want of jurisdiction in the justice in this case are, (1) that the statement consists of a demand upon which the defendant is not liable in point of law ; (2) that the justice ought not to have proceeded to judgment, because of the non-joinder of a necessay party defendant. We may concede, for the sake of argument, that, for the first of these defects if the action had been commenced in the circuit court the judgment would be arrested on motion, or reversed in this court on appeal or error. And we do concede, as this court held in *Gruen v. Bamberger* (11 Mo. App. 261), that, for the second of these defects had the cause been commenced in the circuit court, the same consequences would follow. But it has never been laid down in this state, in proceedings according to the course of the common law, that a judgment of the circuit court is void, in the sense that it may be collaterally assailed and set aside, merely because the petition fails to state a cause of action, so that the judgment might have been arrested on motion, or reversed on appeal or error. The jurisdiction of a superior court of record to proceed in such a case does not depend upon the filing of a petition which states a cause of action, because the power to decide whether the petition does state a cause of action rests in the court, and the power to decide is jurisdiction. We know of no reason for applying a different rule to proceedings before justices of the peace. If we were to concede the correctness of the views pressed upon us by the learned counsel for the appellant, it would drive us to the length of holding that wherever, in a case proceeding according to the common law, the judgment of a superior court of record might be arrested on motion or reversed on error, the judgment of a justice of the peace must be held void in a collateral proceeding for want of jurisdiction. Such a rule would enable a

party defendant, against whom a just demand might be prosecuted before a justice of the peace, to lie by, whenever advised that the statement did not present a cause of action, and wait until judgment and execution, and then attack the error for the first time, by a motion to quash the execution, after the power to amend had passed out of the plaintiff. The law does not favor such unfair methods in the administration of justice. Where there is an entire want of power, either to render any judgment, or possibly to render the particular judgment, the defendant may rightfully ignore the proceeding, defend his possession, and move the court, as in this case, to recall and quash any process issued to enforce it. But where, as in this case, the justice has jurisdiction of the defendant and of the general subject matter, the defendant may not rightfully lie by, merely because the justice has attempted to exercise his objection for the first time, in the form of a motion to quash the execution, thus converting this motion into an appeal or writ of error.

VI. It remains, however, to consider the effect of the act of March 25, 1881 (Laws of 1881, page 161), exempting the individual property of the husband from the ante-nuptial debts of the wife, in connection with the decision of the supreme court in *Bauer v. Bauer* (40 Mo. 61), upon the rights of the appellant. This statute reads as follows; "The property owned by a man before his marriage, and that which he may acquire after his marriage, by purchase, descent, gift, grant, devise, or in any other manner whatsoever, and the profits thereof, except such as may be acquired from the wife, shall be exempt from all debts and liabilities contracted or incurred by his wife before their marriage." The effect of this statute is clearly to exempt all property of the husband from all liability for the ante-nuptial debts of his wife, except such property as the husband may have acquired from her. In the case of *Bauer v. Bauer* (*supra*), it is not very clear what the supreme court did

intend to decide ; but what it in fact did decide was, that where a judgment of a justice of the peace is void for want of jurisdiction, because rendered in a proceeding, the apparent object of which was to subject the separate estate of a married woman to the payment of her supposed debt, which is a proceeding in equity, and a transcript thereof is filed in the circuit court, it may be set aside by the court. But Holmes, J., in delivering the opinion of the court, said : "The judgment was irregular, if not absolutely void." This *dictum* of the court would go to the length of establishing the rule that where the transcript of a justice of the peace is filed in the circuit court, under the statute, the court may set aside the judgment entirely, if it appears to be irregular, thus leaving the plaintiff, if his claim is barred by limitation, wholly remediless. We are not prepared to follow the case to this extent. On the contrary, we decline to follow the decision beyond what it in fact decides, that in such a case the judgment of the justice may be wholly set aside, where it is void for want of jurisdiction. That, as we have seen, is not the case here. But in view of the statute, it is entirely clear that the judgment was erroneous, and erroneous in the sense of being unlawful ; that is, rendered in a case in which a general judgment, such as it was, is not allowed by law. We think, that in such a case the power given to the circuit court in section 2999, Revised Statutes, as construed in *Bauer v. Bauer* (*supra*), is large enough to enable the court so to modify the judgment as to make it conform to the law, and we accordingly reverse the judgment and remand the cause to the circuit court with directions to recall and quash the execution, and, if the plaintiff shall so elect, to modify the judgment of the justice by an order of record, so as to allow the plaintiff to have execution thereon against such property only as the defendant may have acquired from his wife, as prescribed by the act of 1881. The sheriff, before making

:any levy under the execution, will necessarily have to determine that the defendant has property , acquired from his wife, by such evidence as he may be able to obtain.

It is so ordered. All the judges concur.