J. W. WISDOM, Respondent, v. M. A. NEWBERRY *et al.,* Appellants.

### Kansas City Court of Appeals, April 5, 1888.

1.  ACTION—SUIT ON ANTE-NUPTIAL CONTRACT—HOW BROUGHT—CASE ADJUDGED.—At common law, suits upon an ante-nuptial contract made by the female defendant were brought against the husband and wife jointly,  This is still the rule in this state. (*Walker v. Deane,* 79 Mo. 681).  And it seems to be contemplated that she should be made a party defendant by section 3296, Revised Statutes.   The judgment against her, in such case, is not void, because it is against a married woman.

2.  ——— ——— PROPER ELEMENTS OF DAMAGES—CASE ADJUDGED. In the case of a contract by an unmarried woman to repair a fence on leased property, and failing to do so money expended by the tenant to make such repairs is a proper element of damages, and may be recovered by him, as it was his duty to make such repairs and hold the lessor liable.   But the damage done by the cattle, by reason of the fence not being repaired, was not a proper element of damages.

3. ——— ——— CHARACTER OF JUDGMENT IN SUCH ACTION.
Under our present statute (Laws of Mo., 1881, p. 161), all property
of the husband is exempt from all liability for the ante-nuptial
debts of his wife, except such property as the husband may have
acquired from her. The judgment against the husband should
not, therefore, be general, but so framed as to allow plaintiff to
have execution thereon against such property only of the husband
as he may have acquired from the wife.

APPEAL from Audrain Circuit Court, HON. E. M.
HUGHES, Judge.

*Reversed and remanded, with directions.*

The case is stated in the opinion.

FRY & MOSBY, for the appellants.

I.    The judgment as to the wife is a personal judg-
ment against a married woman and is, therefore, void.
*Corrigan v. Bell*, 73 Mo. 53 ; *Higgins v. Peltzer*, 49 Mo.
156.    The case of *Merrill v. St. Louis*, 83 Mo. 244, does
not change the rule.    That was an action for the wife's
tort, for which she has always been held personally
liable.    This is an action on her contract for damages.
In *Johnson v. Gantry*, 83 Mo. 339, and *Keating v.
Korfhage*, 88 Mo. 524, decided after the *Merrill case*,
the court held a personal judgment against a married
woman void.    The pasture contracted for was not her
separate estate, but belonged to the Palmer estate and
she had it leased for 1886.    Defendant's objection to the
introduction of evidence should have been sustained on
his demurrer to the evidence.

II.    The judgment as to her husband is void.    He
was not a party to the contract and was not liable for
the ante-nuptial debts of his wife.    Laws of Mo. 1881, p.
161 ; *Bobb v. Bruere*, 23 Mo. App. 604.

III.    The court erred in admitting the evidence of
plaintiff as to what he expended for the corn damaged
by plaintiff's cattle ; and repair of the fence.    Such
damages are too remote, not such as naturally resulted

from the breach of the contract. *Turner v. Gibbs*, 50 Mo. 557 ; *Clemens v. Railroad*, 53 Mo. 366. Such damages were "not within the contemplation of the parties" when the contract was made. *McAlister v. Railroad*, 74 Mo. 361. With the fence repaired it was not contemplated that the cattle would not get out. It is not claimed that defendant contracted to build a fence that would keep the cattle in, that she insured the fence. In fact, plaintiff from the beginning employed a man to "watch after the cattle and keep them in the pasture."

IV. The court erred in refusing defendant's instruction. The only damages defendant could be liable for was damages to the cattle themselves, if defendant failed to keep her contract. *Waters v. Brown*, 44 Mo. 302.

V. The court's first instruction is erroneous in that it is not based upon the evidence. There was no evidence and it was not claimed that defendant contracted to "keep up" the fences. She contracted to repair and after so repaired plaintiff accepted it. Defendant was not required to repair only as she expressly contracted to. *Peterson v. Smart*, 70 Mo. 34 ; *Fenton v. Montgomery*, 19 Mo. App. 156. If defendant was required to repair the west fence plaintiff is not entitled to recover the damages claimed because by slight exertion he might have avoided the damage. *Waters v. Brown*, 44 Mo. 302 ; *Bridge Co. v. Schaubacher*, 57 Mo. 587 ; *State ex rel. v. Powell*, 44 Mo. 436. Therefore, the court's first and second instructions did not correctly declare the law.

VI. The evidence is clear that defendant contracted to do certain repairs before plaintiff was to take possession. Defendant repaired the fences on April 15 and 16, and if not exactly as contracted, plaintiff should have then made his objections ; but he did not ; he accepted the repairs as made and took possession of the pasture on April 28, and employed an agister to keep the cattle in the pasture. There was no complaint as to the fence

'until the cattle got out in June. We insist that plaintiff, after accepting the repairs made and appropriating the fence as repaired to his use, is not entitled to damages.

W. H. Kennan, for the respondent.

I. Plaintiff testified: "I made demand of defendant to fix fence on west side of pasture, and each time she promised to repair it on west side of pasture, and in the presence of Lafayette Saxton, and two other times after that. If defendant had not so often promised me she would repair west string of pasture fence, I should have done so sooner than I did." Robert Palmer testified: "I fixed the east and south of pasture fence and also repaired some on west side of pasture. I did this the next morning after the contract was made, under the instruction of my mother, the defendant."

II. The defendant, M. A. Newberry, was a single woman when she made the contract sued on, and a judgment against her and her husband acquired after the contract was made is proper. *Walker v. Deaver*, 79 Mo. 681.

III. The judgment as to E. F. Newberry is not void. This court has the power to modify the judgment as to E. F. Newberry, so as to allow the plaintiff to have execution against such property the defendant may have acquired from his wife, M. A. Newberry, co-defendant. *Bobb v. Bruere*, 23 Mo. App. 612; *Walker v. Deaver*, 79 Mo. 681.

IV. The damage allowed by the court, as is shown by the evidence, is a result of the breach of the contract, and is proper. *Turner v. Gibbs*, 50 Mo. 556.

V. The judgment of the lower court should be sustained.

Hall, J.—This action was begun before a justice of the peace against the female defendant, then an unmarried woman, under the name of "Mrs. M. A. Palmer." The plaintiff had judgment and the defendant appealed to the circuit court. Thereafter, Mrs. Palmer married

E. N. Newberry, and that fact being suggested by the plaintiff by motion asking that the husband be made a party defendant, it was so ordered, and he thereupon entered his appearance. Afterwards the case was proceeded with to trial resulting in a judgment for plaintiff against defendants in the sum of eleven dollars, from which the defendants have appealed to this court. This suit was upon an ante-nuptial contract made by the female defendant. At common law such actions were brought against the husband and wife jointly. Bright on Husband and Wife, 79, and cases cited. This is still the rule in this state. *Walker v. Deane*, 79 Mo. 681. And that the wife should be made a party defendant would seem to be contemplated by section 3296, Revised Statutes, which provides that her separate personal property "shall be subject to execution for the payment of the debts of the wife contracted before marriage." The point made that the judgment against the female defendant is void, because it is against a married woman, is, therefore, not well taken. *Gruen v. Bamberger*, 11 Mo. App. 261.

The plaintiff, by verbal agreement, leased from the female defendant, a large, enclosed pasture. The plaintiff testified that said defendant, as a part of the contract, agreed to put the fence in good repair, and that she did repair the fences on the east and south sides, "and repaired a little on the west side" of the pasture ; that, after the repairs stated were made, he took possession of the pasture and put eighty cattle in it, and employed John Brown to salt and look after them ; that, on the west side of the pasture, there was a weed field ; that, on June 10, the cattle got into the weed field through the west fence of the pasture, and repeated this several times in July and August. He also said : "In July my cattle got over the west fence into Sexton's corn, and Sexton claimed that he was damaged to the amount of eight dollars, and I paid him." The evidence showed that the cattle first got into the field called the "weed field," and thence got into Sexton's corn. The

evidence also showed that the man Brown repaired the west fence in July, for which the plaintiff paid him three dollars.

The court instructed the jury that if they found for the plaintiff, they should include in their verdict, among other things, "all sums of money plaintiff reasonably expended in fixing up said pasture fence and paid out for damages done by said cattle breaking out of said pasture into premises adjacent or near thereto." The jury returned a verdict in favor of plaintiff for the sum of eleven dollars.

If the female defendant contracted to repair the fence on the west side of the field and failed to do so, and plaintiff at his own expense made such repairs, the money thus expended was a proper element of damage. The court properly so instructed the jury. Indeed, after the discovery by the plaintiff, or his servant Brown, in June, that the repairs had not been made by the said defendant, and that, in consequence thereof, the plaintiff's cattle had escaped from the pasture, the plaintiff could not refrain from making said repairs, and hold the said defendant liable for damages afterwards caused by the cattle escaping from the pasture in consequence of the want of such repairs. *Fisher v. Goebel*, 40 Mo. 481, and cases cited. For this reason, the sum of eight dollars, paid by plaintiff on account of the damages done by his cattle to Sexton's corn in July, was not a proper element of damages, and it was error for the court to direct the jury to include such sum in their verdict.

The judgment was a general judgment against both defendants. Under our present statute, all property of the husband is exempt from all liability for the antenuptial debts of his wife, except such property as the husband may have acquired from her. Laws, 1881, p. 161. The judgment against the husband, therefore, should not have been general, but should have been so framed as to have allowed the plaintiff to have had an

execution thereon against such property only of the husband as he may have acquired from his wife. *Bobb v. Bruere*, 23 Mo. App. 612.

The judgment is reversed and the cause remanded, with directions to the circuit court to permit the plaintiff to enter a *remittitur* in the sum of eight dollars, as of the date of the judgment, and if such *remittitur* be entered, to modify the judgment against the husband in the manner above indicated ; but if such *remittitur* be not entered, to proceed with the case to new trial. All concur.