T. W. TODD, Plaintiff in Error, v. JALES E. WORKS *et Vir*, Defendants in Error.

Kansas City Court of Appeals, November 14, 1892.

1. **Husband and Wife:** ACTION FOR WIFE'S DUM SOLA DEBT: JUDGMENT. When a cause of action accrues against the wife while *sole*, the suit is properly brought against both husband and wife, against whom a common-law judgment *in personam* could be rendered.

2. ————: STATUTE: EXECUTION: SHERIFF'S DUTY. When the judgment is against the husband and wife for the *dum sola* debt of the latter, the execution should go against such property as the statute makes subject thereto. The sheriff, before he makes a levy under the execution, must determine that the husband has property acquired of the wife by such evidence as he may be able to obtain.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED (*with directions*).

*Geo. B. Strother,* for plaintiff in error.

This action is in the nature of an exception to the general rule that a married woman cannot be sued. She executed the note while single, and is estopped to avoid payment by her act of marrying, and a general judgment should be rendered against her, and a special one against her husband. *Obermayer v. Greenleaf,* 42 Mo. 307; *Gruen v. Bamberger,* 11 Mo. App. 261; *Babb v. Bruere,* 23 Mo. App. 604; *Wisdom v. Newberry,* 30 Mo. App.241; *Walker v. Deaver,* 79 Mo. 681; Schouler on Domestic Relations, p. 72. To the same effect is *Conrad v. Howard,* 89 Mo. 217.

*Noah M. Given,* for defendants in error.

SMITH, P. J.—This is a suit by plaintiff against defendants, who are husband and wife, upon a promissory note for $120, executed by the wife to plaintiff while *feme sole.*

The trial court sustained a demurrer to the petition upon the grounds that, *first,* the petition did not state facts sufficient to constitute a cause of action against the defendants or either of them in law or equity; and, *second,* that it did not aver that the husband has any property subject to the antenuptial

debts of the wife. To reverse the judgment against him on the demurrer, the plaintiff brings the case here by writ of error.

It has been the well-settled law in this state for more than sixty years, that, when a cause of action accrues against the wife while *sole*, the suit is properly brought against both husband and wife, against whom a common-law judgment *in personam* could be rendered. *Benjamin v. Bartlett*, 3 Mo. 86; *Walker v. Deaver*, 79 Mo. 664; *Obermayer v. Greenleaf*, 42 Mo. 304; *Conrad v. Howard*, 89 Mo. 217; *Gruen v. Bamberger*, 11 Mo. App. 261; *Babb v. Bruere*, 23 Mo. App. 604; *Wisdom v. Newberry*, 30 Mo. App. 245.

Section 6870, Revised Statutes, 1889, provides that the husband's property, except such as may be acquired from the wife, shall be exempt from all debts and liabilities of the wife contracted or incurred by his wife before their marriage. By section 6869, the personal property of the wife is made subject to execution for the payment of the debts of the wife contracted before or during marriage. The statute plainly contemplates that an execution may issue on a judgment against husband and wife for a debt or liability contracted by the wife *dum sola,* and that her property and the marital interests of her husband therein shall be subject thereto, but that the property of the husband shall not be so subject. *Wisdom v. Newberry, supra; Babb v. Bruere, supra.*

The execution should go against such property as the statute referred to makes subject thereto. The sheriff, before he makes a levy under [the execution, must determine that the husband has property acquired of the wife by such evidence as he may be able to obtain. *Babb v. Bruere, supra.*

It follows that the action of the court in sustaining the demurrer was error, and that the judgment must be

reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff in conformity to the views herein expressed, which is ordered accordingly. All concur.